UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: FUNDAMENTAL LONG TERM
CARE, INC.,

    Debtor.
_____

Case No. 8:11-bk-22258-MGW

ESTATE OF ARLENE TOWNSEND, et al.,

    Appellants,

v.

Case No. 8:22-cv-1041-KKM

SHUMAKER LOOP & KENDRICK, LLP,

    Appellees.
_____

## ORDER

After careful review and briefing by the parties, the Court determines that a stay is appropriate in this case pending resolution of the related case before the Eleventh Circuit between the same parties, 21-10587, *Estate of Arlene Townsend v. Steven Berman, et al.*

### I. BACKGROUND

This case arises out of a complex bankruptcy litigation, which has been ongoing for over a decade. *See In re Fundamental Long Term Care, Inc.*, No. 8:20-cv-956, 2021 WL 222779, at *1 (M.D. Fla. Jan. 22, 2021) (Covington, J.). In 2004, the probate estates of six deceased nursing home residents filed several wrongful death actions against Trans Health

Care, Inc. (THI) and Trans Health Management, Inc. (THMI), companies tied to a vast nursing home network. *Id.* The suits collectively resulted in $1 billion in judgments for the Estates, and a Chapter 7 involuntary bankruptcy case followed. *Id.* Shumaker was appointed special litigation counsel to the Trustee under 11 U.S.C. § 327. *See* Order Approving Application (Doc. 29-3).

After Shumaker withdrew as special litigation counsel, the Estates filed a motion to disqualify Shumaker and for disgorgement of Shumaker's compensation (the disqualification motion). Mot. to Disqualify (Doc. 15-50). The Estates claimed that Shumaker was operating under disqualifying conflicts of interest, and therefore should never have been appointed special litigation counsel under § 327 and must disgorge all its compensation. *Id.* at 30–35. They also argued that Shumaker failed to properly disclose its conflicting interest as required by Federal Rule of Bankruptcy Procedure 2014. *Id.* at 28–30. The Estates also moved for the bankruptcy judge to recuse himself from hearing the disqualification motion because his law clerk was married to a partner at Shumaker (the recusal motion). Mot. to Recuse (Doc. 15-137). The bankruptcy court screened his law clerk, denied the motion to recuse, and ruled on the disqualification motion. Order on Mot. for Recusal (Doc. 15-164) at 11, 14; Order on Mot. to Disqualify (Doc. 15-176).

The Estates appealed the ruling on the disqualification motion, which is now pending before the Eleventh Circuit. *See* Notice of Appeal, *Estate of Arlene Townsend v.*

*Steven Berman, et al.*, No. 21-10587 (11th Cir. Feb. 22, 2021). Oral argument occurred in March 2022, and the parties are awaiting an opinion from the Eleventh Circuit.

They also moved for leave to appeal the bankruptcy court's order denying recusal, petitioned for a writ of mandamus, and moved for reconsideration of the mandamus petition, all of which Shumaker opposed and were denied. Mot. for Leave (Doc. 15-165); Petition for Writ of Mandamus, *In re Estate of Juanita Jackson, et al.*, No. 8:19-cv-01517-MSS-TGW (M.D. Fla. June 21, 2019), ECF No. 1; Mot. for Reconsideration, *In re Estate of Juanita Jackson, et al.*, No. 8:19-cv-01517-MSS-TGW (M.D. Fla. Oct. 25, 2019), ECF No. 17. After the Estates voluntarily dismissed an appeal of the mandamus petition to the Eleventh Circuit, *see* Order Dismissing, *Estate of Juanita Jackson v. Shumaker, Loop, and Kendrick, LLP*, No. 20-10126 (11th Cir. Feb. 19, 2020), Shumaker filed an application in the bankruptcy court for compensation or for allowance of administrative expenses for the fees and costs that it incurred relating to the motion for recusal, including the appeals and collateral attacks. Application (Doc. 16-53). The bankruptcy court granted compensation under 11 U.S.C. §§ 330 and 503(b). Order Granting Application (Doc. 16-71). The Estates appealed, and that appeal is now ripe.

## II. LEGAL STANDARD AND ANALYSIS

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay

3

sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam).

A "variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo*, 221 F.3d at 1264. Awaiting "a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [reason], if not an excellent one" for granting a stay. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

Here, the Estates' appeal of the bankruptcy court's ruling on the motion to disqualify Shumaker is currently pending before the Eleventh Circuit. Though the parties do not think a stay is necessary, *see* Joint Notice (Doc. 51), the Court disagrees. One issue currently pending before the Eleventh Circuit is whether Shumaker operated under a disqualifying interest based on § 327. *See* Appellant's Br., *Estate of Arlene Townsend v. Steven Berman, et al.*, No. 21-10587 (11th Cir. Apr. 19, 2021), ECF No. 15 at 43. For Shumaker to be entitled to fees under § 330, he must be employed under § 327. Because resolution of the § 327 disqualification issue before the Eleventh Circuit might control the outcome of this appeal, a stay is warranted. That appeal is fully briefed and argued, and the

4

stay will expire shortly after an opinion is issued. Thus, this stay is not immoderate or indefinite. *See Landis v. N. Am. Co.*, 299 U.S. 248, 256, 258 (1936).

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **STAY** and **ADMINISTRATIVELY CLOSE** this case.

2. The parties shall file a joint status report within **SEVEN** days of the Eleventh Circuit's ruling in 21-10587, *Estate of Arlene Townsend v. Steven Berman, et al.*

**ORDERED** in Tampa, Florida, on August 8, 2023.

Kathryn Kimball Mizelle
United States District Judge