UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF ARLENE TOWNSEND, *et al.*,

   Appellant,

   v.                                          Case No: 8:22-cv-1041-KKM
                                        Bankruptcy Case No: 8:11-bk-22258-MGW

SHUMAKER, LOOP & KENDRICK, LLP,

   Appellee.
_____

## ORDER

This appeal from the bankruptcy court constitutes yet another dispute arising from the long and litigious saga involving Shumaker, Loop & Kendrick's representation of the Trustee in a Chapter 7 bankruptcy on behalf of Fundamental Long Term Care, Inc. Appellants are the probate estates of six deceased nursing home residents (the Estates) who became creditors of Fundamental Long Term Care following a series of wrongful death actions in state court. Just over two years after Shumaker withdrew as special counsel to the Trustee, its once collaborative relationship with the Estates turned adversarial. The Estates moved to retroactively disqualify Shumaker as special counsel, seeking the denial of Shumaker's compensation and the disgorgement of all funds received in representing the Trustee. The Estates then moved to recuse the bankruptcy judge based on alleged conflicts

of interest concerning the judge's law clerk, whose wife was a partner at Shumaker. After the bankruptcy judge denied the recusal motion, Shumaker sought compensation for fees expended in responding to the motion and litigating related appeals. The bankruptcy court granted the application for compensation, concluding that Shumaker's services were necessary and a benefit to the administration of the case.

The Estates now appeal that fee determination but fail to identify how the bankruptcy judge abused his discretion. Indeed, the Estates devote their brief to rearguing matters outside the scope of this appeal. And when repeatedly pressed at oral argument to point to an abuse of discretion committed below regarding this fee determination, the Estates could not point to any. As a result, I affirm.

I. BACKGROUND

This case arises out of a complex bankruptcy litigation, which has been ongoing for over a decade. *See In re Fundamental Long Term Care, Inc.*, No. 8:11-BK-22258, (M.D. Fla.). In 2004, the Estates filed several wrongful death actions against Trans Health Care, Inc., and Trans Health Management, Inc., companies tied to a vast nursing home network. *See In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1329 (11th Cir. 2017). The suits collectively resulted in $1 billion in judgments for the Estates. *Id.* Anticipating the adverse judgments, Trans Health Care and Trans Health Management "orchestrated a so-called 'bust out' scheme" which was designed "to shield their assets from potential

2

creditors." *Id.* This scheme involved the formation of "a newly formed entity," called Fundamental Long Term Care, Inc., which acquired all of Trans Healthcare Management's "liabilities but none of its assets." *Id.* at 1330. After learning this, the Estates initiated an involuntary Chapter 7 proceeding that named Fundamental Long Term Care as the debtor. *Id.*

On June 5, 2012, the bankruptcy court appointed Shumaker as special litigation counsel to the Chapter 7 Trustee. (Bankr. Doc. 165); *see also* 11 U.S.C. § 327. Near end of 2015, after Shumaker litigated over $20 million in settlements for the bankruptcy estate, the Trustee, the Estates, and Shumaker reached a settlement regarding the payment of administrative expenses. (Bankr. Doc. 1855). On December 23, 2015, the bankruptcy court entered its order granting Shumaker's motion to withdraw as special litigation counsel to the Trustee. (Bankr. Doc. 1901).

On June 4, 2018, the Estates filed a motion to disqualify Shumaker as counsel to the Trustee and for disgorgement of compensation. (Bankr. Doc. 2153-1). The Estates argued that Shumaker was operating under disqualifying conflicts of interest in violation of 11 U.S.C. § 327(a). *Id.* at 30–33. They also claimed that Shumaker violated Federal Rule of Bankruptcy Procedure 2014 by failing to disclose these connections in its initial disclosures. *Id.* at 28–30.

On the same day that the Estates moved to disqualify Shumaker, the Estates also moved in district court to withdraw the reference of the motion to disqualify. (Bankr. Doc. 2154); *see also Fundamental Long Term Care, Inc. v. Scharrer*, No. 8:18-cv-1602, (Doc. 1) (M.D. Fla.). The Estates argued that, because the presiding bankruptcy judge's law clerk was married to a partner at Shumaker and because the law clerk was previously employed by Shumaker, the district court should resolve the motion to disqualify instead of the bankruptcy court. *See* (Bankr. Doc.) at 8–10. On November 1, 2018, Judge Merryday denied the motion to withdraw the reference, concluding that the bankruptcy court was in the best position to decide the motion to disqualify. *See Fundamental Long Term Care, Inc.*, No. 8:18-cv-1602, (Doc. 22) (M.D. Fla. Nov. 1, 2018).

On January 17, 2019, the Estates moved for recusal of the bankruptcy judge and screening of the conflicted law clerk. (Bankr. Doc. 2199-1). The bankruptcy judge then requested that Shumaker respond to the recusal motion, which it did. *See* (Bankr. Docs. 2200, 2213). The bankruptcy court denied the motion in part but also confirmed that the law clerk had been screened off the case upon the Estates' filing of the Motion to Disqualify Shumaker. (Bankr. Doc. 2219).

Thereafter, the Estates moved to take an interlocutory appeal of the bankruptcy court's order denying recusal. *See Estate of Arlene Townsend v. Shumaker Loop & Kendrick, LLP*, No. 8:19-cv-1564, (Doc. 2) (M.D. Fla June 28, 2019). Shumaker opposed

4

the request, and the motion was denied. *Id.* at (Doc. 14) (M.D. Fla. July 30, 2019). The Estates also separately petitioned for a writ of mandamus and moved for reconsideration of the mandamus petition. *See In re Estate of Juanita Jackson*, (Doc. 1), No. 8:19-cv-1517 (M.D. Fla Dec. 10, 2019). Judge Scriven, the presiding district court judge, directed Shumaker to respond to the petition, which Shumaker did. *Id.* at (Docs. 11, 14). The district court denied the Estates' petition. *Id.* at (Doc. 16). The Estates appealed the denial of the mandamus petition to the Eleventh Circuit, and Shumaker moved for summary affirmance. *See In re Estate of Juanita Jackson*, (App. Docs. 1, 9), No. 20-10126 (11th Cir.). The Estates then voluntarily dismissed the appeal. *Id.* at (App. Docs. 12–13).

On February 4, 2022, Shumaker filed an application for compensation or for allowance of administrative expenses for the fees and costs that it incurred relating to the motion for recusal and mandamus petition. (Bankr. Doc. 2376). Under 11 U.S.C. §§ 330 and 503, Shumaker requested $41,563.50 in hourly fees related to and arising out of the Estates' attempts to recuse the bankruptcy judge, including their motion for recusal, petition for writ of mandamus, and attempts to appeal the adverse rulings. *Id.* at 1, 8–11. The Estates opposed the application for compensation, arguing that Shumaker was no longer employed by the Trustee after the motion to withdraw was granted and was not acting for the benefit of the Trustee or the bankruptcy estate when it responded to the motion for recusal. (Bankr. Doc. 2394) at 8–12.

5

After a hearing on April 14, 2022, the bankruptcy court granted the application for compensation (Bankr. Doc. 2399). In this appeal, the Estates contend that granting any compensation was error because of Shumaker's purported conflicts. *See* (Docs. 1, 28). I held oral argument on August 1, 2023. *See* Hr'g Tr. (Doc. 55). I then stayed the appeal pending the issuance of a decision in a related appeal before the Eleventh Circuit regarding the Estates' contention that Shumaker possessed disqualifying conflicts. (Doc. 54). That decision has now issued. The Eleventh Circuit held that Shumaker labored under no incurable conflict because it was not disqualified under 11. U.S.C. § 327(a) from representing the Trustee and that any nondisclosure under Rule 2014 was non-negligent. *See In re Fundamental Long Term Care, Inc.*, 81 F.4th 1264, 1320–28 (11th Cir. 2023).

## II.  LEGAL STANDARD

When reviewing a bankruptcy court's order awarding attorney's fees, the award "will be reversed only if the [bankruptcy] court abused its discretion." *In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997) (quotations omitted). Review for abuse of discretion is "extremely limited" and "highly deferential." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1288 (11th Cir. 2009) (quotations omitted); *L. Sols. of Chi. LLC v. Corbett*, 971 F.3d 1299, 1304 (11th Cir. 2020) (same). An appellate court should reverse for abuse of discretion only "if the bankruptcy court applied an incorrect legal standard, failed to follow proper procedures, or made factual findings that

6

were clearly erroneous." *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007); *see also Corbett*, 971 F.3d at 1304–05.

## III. ANALYSIS

The bankruptcy court concluded that the services rendered by Shumaker "in their status as special counsel and related to" the Estates' attempt to recuse the bankruptcy judge "were indisputably necessary for the administration of [the] case" and "beneficial at the time at which the services were rendered." Bankr. Hr'g Tr. (Bankr. Doc. 2401) at 25:11–16. Accordingly, the bankruptcy court awarded Shumaker $41,563.50 in compensation fees for its services. (Bankr. Doc. 2399).

The Estates generally argue that Shumaker is not entitled to compensation because it "was serving its own interests," and not that of the Trustee or bankruptcy estate, in responding to the recusal motion. Appellants' Br. (Doc. 28) at 10-11. They further contend that any services that Shumaker performed at this time were "volunteer work," as it was no longer employed as special counsel to the Trustee. *Id.* at 13. At oral argument, they contended that Shumaker's purported conflicts rendered any award of fees improper as a categorical matter. *See* Hr'g Tr. at 10:17–12:13. In response, Shumaker asks this Court to affirm the ruling because its employment to the Trustee was previously authorized and its services were both necessary and a benefit to the bankruptcy estate, justifying its request

for compensation. Appellee's Br. (Doc. 35) at 15. Because the Estates fail to identify any abuse of discretion, I affirm the award of fees.

### A. The Estates Fail to Identify an Abuse of Discretion

The only issue in this appeal is whether the bankruptcy court abused its discretion in awarding Shumaker compensation for work Shumaker performed in addressing the Estates' attempts to recuse the bankruptcy judge. To commit an abuse of discretion, the bankruptcy judge must have applied an incorrect legal standard, failed to follow proper procedures, or made factual findings that were clearly erroneous. *See In re Citation Corp.*, 493 F.3d at 1318. But the Estates' brief is devoid of any specific allegation of how the bankruptcy judge committed an abuse of discretion in awarding Shumaker fees. *See* Appellants' Br. at 13–14. At oral argument, I repeatedly pressed the Estates to identify an abuse of discretion that the bankruptcy judge committed. *See, e.g.*, Hr'g Tr. at 3:22–4:1, 5:20–6:14, 8:15–22. The Estates' offered none. *See id.* at 5:23–10:23. Instead, counsel pointed to issues beyond the scope of this appeal, arguing that the bankruptcy judge should not have awarded Shumaker fees because Shumaker should have been disqualified due to its failure to make proper disclosures and that the bankruptcy judge should have recused himself due to his law clerk's conflict. *See id.* These issues fall outside the scope of this appeal, have been affirmed on appeal against the Estates' position, and do not bear on the analysis of whether fees were proper.

Based on their failure to develop any concrete argument that there was an abuse of discretion, the Estates cannot prevail on their appeal. But out of an abundance of caution, I explain below why the bankruptcy court did not abuse its discretion contra the Estates' generalized contentions otherwise.

### B. The Bankruptcy Judge Did Not Err in Finding that Shumaker was Employed by the Trustee

Section 330(a) of the Bankruptcy Code allows reasonable compensation for "professional person[s] employed under section 327 and 1103." 11 U.S.C. § 330(a); *see also Lamie v. U.S. Tr.*, 540 U.S. 526, 538–39 (2004) (holding that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed by the trustee and approved by the court as required by § 327). Under § 327(a):

> the trustee, with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). "In other words, § 327(a) professionals are hired to serve the administrator of the estate for the benefit of the estate." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 127 (2015). Put simply, these two statutes "authorize an award of compensation to professionals who have been employed by the trustee, and whose employment has been approved by the Court." *In re United Container LLC*, 305 B.R. 120, 129 (Bankr. M.D. Fla. 2003). "As a general rule, however, professional persons are not entitled to any compensation for postpetition services if they did not obtain prior

9

approval of their employment from the [c]ourt." *Id.* Thus, Shumaker should have been compensated only if it was employed by the Trustee and received approval from the bankruptcy court at the time it rendered the services for which it was compensated.

Shumaker acknowledges that, although previously employed by the Trustee with approval under § 327, the bankruptcy court granted Shumaker's motion to withdraw as special counsel to the Trustee in 2015. (Bankr. Doc. 1901); Appellee's Br. at 9, 19. There is no dispute that Shumaker did not reapply under § 327. Consequently, the question is whether Shumaker was considered employed by the Trustee at the time it rendered the services related to the recusal motion and mandamus petition in 2019.

The bankruptcy judge concluded that Shumaker was acting on behalf of the Trustee and the bankruptcy estate in responding to the recusal and related filings. *See* Bankr. Hr'g Tr. (Doc. 16-72) at 25:11–13 (at the bankruptcy hearing for the application for compensation, the bankruptcy judge explained that "the services rendered by Shumaker [was] . . . *in their status as special counsel* and related to the attempts to recuse this judge") (emphasis added)). The bankruptcy judge, of course, was aware that he had granted the withdrawal of Shumaker as special litigation counsel more than six years earlier. *See* (Bankr. Doc. 1901). Nevertheless, the bankruptcy judge's order reflects that Shumaker's services in responding to the recusal motion and the mandamus petition were within the scope of Shumaker's original employment and that those services were necessary for the

10

orderly administration of the bankruptcy estate. *See* Bankr. Hr'g Tr. (Doc. 16-72) at 25:11–13. Accordingly, Shumaker's application to recover fees for its services related to its original scope of its employment for the Trustee.

Even if the bankruptcy judge erred in finding that Shumaker's services were within the scope of Shumaker's original employment which was approved under § 327, this error is rectified by the retroactive appointment theory. Although approval under § 327 is generally required before compensation, a court may retroactively approve compensation for a professional who did not receive approval under § 327(a) if "the failure to file a timely application was due to excusable neglect," and the professional shows that the application "would have been approved initially if a timely application had been filed" prior to the employment at issue. *In re United Container LLC*, 305 B.R. at 129 (quoting *In re Princeton Medical Management, Inc.*, 249 B.R. 813, 815 (Bankr. M.D. Fla. 2000)). In finding that an application "would have been approved," courts examine whether the professionals seeking compensation are still "disinterested persons" under § 327(a), and whether no other creditor, or the Trustee, objects to their employment. *Id.* at 130–31 (finding that the creditor's attorneys would have been approved for employment because they held no disqualifying interests, "no other creditor ha[d] objected to the applications under consideration," and "the United States Trustee . . . [did not] oppose[] the Creditors' employment"). Accordingly, Shumaker argues that even if Shumaker's representation of

11

the Trustee ceased in December 2015, the bankruptcy court "retained the discretion to retroactively approve Shumaker's continued employment." Appellee's Resp. Br. at 22 (citing *In re United Container LLC*, 305 B.R. at 129; *In re Rennie Petroleum Corp.*, 384 B.R. 412, 416 (Bankr. E.D. Va. 2008)). I agree.

Under the first prong, Shumaker's failure to reapply to be employed as counsel is "excusable neglect." The bankruptcy judge requested that Shumaker, as "[c]ounsel to the . . . Trustee," respond to the motion to recuse, (Bankr. Doc. 2200) at 2, and Judge Scriven specifically directed Shumaker to produce an affidavit in response to the Estates' writ of mandamus petition, *see In re Estate of Juanita Jackson*, No. 8:19-cv-1517 (Doc. 11). Neither judge directed Shumaker to re-apply as special counsel, and both judges' directives demonstrate that they considered Shumaker as continuing to fulfill its original role of special counsel to the Trustee. Shumaker therefore had no indication that a second application was necessary. Thus, Shumaker's failure to refile was excusable.

Under the second prong, Shumaker's application for approval of employment under § 327 would have been granted if filed. Shumaker's initial application was approved. And at the time Shumaker would have refiled its § 327 application, no court had found that it violated the disinterestedness requirement of § 327(a). True, Shumaker inadvertently and non-negligently failed to make all required disclosures. But Shumaker's nondisclosure was not sanctionable and had no bearing on the § 327 analysis. *See In re Fundamental Long*

12

*Term Care, Inc.*, No. 8:11-BK-22258, 2021 WL 222779, at *6. That finding has now been affirmed by the Eleventh Circuit. *See In re Fundamental Long Term Care, Inc.*, 81 F.4th at 1325–27. Accordingly, Shumaker satisfies this prong too. Because Shumaker satisfies both prongs, it was not error for the bankruptcy court to retroactively approve Shumaker's employment to the Trustee.

In sum, the bankruptcy judge did not abuse his discretion in concluding that Shumaker was still considered employed by the Trustee at the time it rendered the services for which it was awarded compensation under § 330.

### C. The Bankruptcy Judge Did Not Err in Awarding Shumaker Fees under 11 U.S.C. § 330

The bankruptcy judge did not apply in an incorrect legal standard or make an erroneous finding of fact in concluding that Shumaker was entitled to compensation fees under 11 U.S.C. § 330.

Shumaker sought compensation for administrative expenses, under 11 U.S.C. § 330 and § 503, incurred through its efforts in opposing the Estates' attempt to recuse the bankruptcy judge. (Bankr. Doc. 2376). Under § 330(a)(1)(A), a professional hired under § 327(a) may receive "reasonable compensation for actual, necessary services rendered." Similarly, § 503(b)(1)(A) allows the payment of administrative expenses resulting from "the actual, necessary costs and expenses of preserving the estate." Because Shumaker argues only under § 330(a) in its brief, I will address just that statute.

13

"[S]ervices" under § 330(a)(1) are normally "labor performed for another." *Baker Botts L.L.P.*, 576 U.S. at 128 (determining fees incurred defending fee petition did not qualify for compensation under § 330); *see also Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 882–83 (11th Cir. 1990) (denying compensation to the trustee's attorney that he requested for defending the debtor's appeal of the fee amount for his services in administrating the estate, as the appeals "brought absolutely no benefit to the estate, the creditors, or the debtor"). Accordingly, because services may be compensated only if the requirements of § 327 are met, § 330 requires "loyal and disinterested service in the interest of" the client. *Baker Botts L.L.P.*, 576 U.S. at 129.

The bankruptcy judge found that compensation to Shumaker was "indisputably necessary for the administration of this case, and were beneficial at the time at which the services were rendered, before completion of the case." Bankr. Hr'g Tr. at 25:14–16. This finding relies on the standards of § 330(a)(3)(C), which requires a bankruptcy court to consider several factors in deciding if reasonable compensation is authorized. Those factors include "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." *Id.* Thus, the bankruptcy judge applied the correct legal standard under § 330(a) in determining whether Shumaker was entitled to fees.

The bankruptcy judge also did not make an erroneous factual finding when ruling that Shumaker was providing "loyal and disinterested service" to the Trustee of the bankruptcy estate by opposing the recusal motion and that its services were "beneficial" and "necessary." Shumaker benefitted the bankruptcy court and the administration of the case by moving the proceedings closer to completion. *See In re Smith*, 317 F.3d 918, 927 (9th Cir. 2002) (explaining that absent a ground for recusal, it is to the estate's benefit to oppose a motion to disqualify the bankruptcy judge and maintain "continuity of court supervision of the estate," as this avoids "wasteful duplication" of judicial resources that inevitably results when a case is re-assigned to a new judge); *see also* Appellee's Br. at 20–21. The Estates do not dispute this and do not challenge the quality of Shumaker's services or the reasonableness of the requested fees. Rather, the Estates argue that Shumaker's services were not "disinterested" or "loyal" due to the purported conflict of interest that Shumaker failed to disclose. Appellants' Br. at 10–13. As previously explained, that issue is not part of this appeal and now has been decided by the Eleventh Circuit, which held that Shumaker did not have a disqualifying conflict of interest. *See In re Fundamental Long Term Care, Inc.*, 81 F.4th at 1320–28. Thus, the bankruptcy judge did not make an erroneous finding of fact that Shumaker's services were beneficial and necessary.

15

At bottom, the bankruptcy court did not abuse its discretion in awarding § 330 fees to Shumaker for its services in responding to the Estates' recusal motion and related litigation.

## IV.  CONCLUSION

Accordingly, the bankruptcy court's order awarding $41,536.50 in fees to the Appellee is **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT,** which shall read: "The order of the bankruptcy court is affirmed," **TERMINATE** any pending motions and deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 2, 2024.

Kathryn Kimball Mizelle
United States District Judge